STERCHI BROTHERS STORES, INC., COMPLAINANT, APPEL-
LANT, *v.* ROY C. WALLACE, COMPTROLLER, DEFENDANT,
APPELLEE.

(*Knoxville,* September Term, 1931.)

Opinion filed July 5, 1932.

COX, TAYLOR & EPPS, for complainant, appellant.

L. D. SMITH, Attorney-General, for defendant, appel-
lee.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Public Acts of 1931, Second Extra Session, chapter 13, a general revenue law for the State, lays a special privilege tax "on automobile tire stations and dealers." The tax is graduated according to the population of cities in which the privilege is exercised, and is levied on each person selling automobile tires or operating a service station where automobile tires are sold or renovated.

The section of the statute in which this tax is levied is introduced by the following clause: "*Provided* this tax shall not apply to any merchant paying a privilege or an *ad valorem* tax as such or to any automobile dealer, gasoline filling station operator outside the corporate limits of any municipality who pays special privilege tax herein provided for such purpose and whose stock of automobile tires and whose tubes do not exceed ten per cent of the gross stock of merchandise carried on hand."

Complainant is a retail furniture dealer operating a store in Johnson City, wherein it sells automobile tires and tubes at retail. It pays for this store a merchant's *ad valorem* tax and a merchant's privilege tax. The entire amount of its stock of automobile tires does not exceed 10 per cent of the gross stock of merchandise carried on hand.

Having been required to pay the special privilege tax above described, under protest, complainant sues to recover the amount paid, claiming that its Johnson City store falls within the excluding language above quoted.

The Attorney-General contends that the exclusion of merchants from liability for this tax applies only to

merchants engaged in business outside the corporate limits of a municipality. The Chancellor sustained this contention.

It is our view that the language quoted means that the special privilege tax shall not be exacted of any merchant who pays a merchant's privilege tax or a merchant's *ad valorem* tax, and whose stock of automobile tires and tubes does not exceed 10 per cent of the gross stock of merchandise carried on hand, wherever located, and that this exclusion of general merchants is not limited to those operating without the corporate limits of a municipality.

A decree will accordingly be entered here sustaining the bill and awarding a recovery of the tax paid.